# CIRCUIT COURT OF THE CITY OF RICHMOND

Signet Bank

v.

Bradley, Inc.

June 1, 2001

Case No. HH-1006-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is a receivership involving a fuel oil company which has ceased doing business. In September 1996, the court entered an order appointing a Special Receiver and directing that the receiver take charge of the assets of Bradley, Inc., the fuel oil company.

The order was entered at the instance of Signet Bank, now First Union National Bank, following a merger. Signet was a major creditor of Bradley, which was in the business of selling heating oil to area residential customers.

In his report, the receiver found that Signet had a valid and properly perfected first lien security interest in its favor; the underlying debt financed Bradley's operations. Based on this finding, Signet's debt has been paid in full. One of two remaining creditors objected to the report. This creditor also objects to the receiver's finding that, as between it and another remaining creditor, one of them should receive payment over the other. There currently remains $200,000 from the sale of Bradley's assets after Signet's payment. This amount could satisfy all or a portion of one of the remaining creditors but not both. The case has been brought before the court on objections to the receiver's final report on the creditors' agreement that the remaining funds continue to be held for disbursement until a ruling on the objection. The creditors have entered into Stipulations of Fact covering the facts necessary for a decision on the objection save for two witnesses who testified on behalf of one of the creditors and the other on behalf of Bradley.

The competing creditors are The Beale Company of Virginia (Beale) and WOCO Oil, Inc. (WOCO). Beale is a corporation with a secured interest through filed financing statements. The liens in favor of Beale secured amounts advanced to Bradley by Beale to pay Virginia fuel excise taxes owed by Bradley. Bradley had an open account balance with Beale for petroleum products sold by Beale to Bradley. The principal balance due Beale is about $382,895.72, before interest.

WOCO is a wholesale distributor of petroleum products which sold oil to Bradley. Though it has no secured interest, WOCO asserts that, under the circumstances attendant to certain deliveries of oil to Bradley, the court should impose a constructive trust with it having the beneficial interest to the remaining balance.

Essentially, WOCO maintains that certain oil was stolen from it by Bradley because checks Bradley furnished for payment were ultimately dishonored. As a result, WOCO maintains, Bradley never got title to the oil. The parties agree that $97,540.85 worth of payment for the oil was dishonored.

The court took evidence from the president of WOCO and Lloyd Bradley, a principal and major stockholder of Bradley. They described the manner and method of delivery of oil to Bradley from WOCO, the wholesaler. Bradley would obtain the oil by gaining access to WOCO pumps taking as much oil as previously indicated by its order and paying for same by check. There had been a number of instances in the past when Bradley's checks were returned and on redeposit, cleared. In the instances at issue, the pattern did not result in payment. WOCO also maintains that Bradley obtained some of the oil without authority.

The court concludes that as between the two, WOCO had an adequate remedy at law by a right to reclaim. Under the Uniform Commercial Code, where there is a contemporaneous payment by check for goods followed by a dishonor, the seller may reclaim the goods. See Va. Code §§ 8.2-507, 8.2-511, 8.2-702. These sections deal with the right of a seller to reclaim goods sold on credit to an insolvent buyer. While there is evidence that WOCO made one demand for return of the goods, this came some two months after Bradley received the goods. Under the circumstances of WOCO and Bradley's course of dealings, the court cannot conclude that the oil was stolen such that Bradley never gained title. The history of the parties' dealings do not suggest that, upon dishonor of the checks, this would serve to revest WOCO with title. On the other hand, as to Beale, Bradley's assets remained and still remain subject to a valid and perfected security interest in Beale's favor which is entitled to priority of payment. Accordingly, WOCO's objection is overruled and the

remaining funds can be committed to Beale on its secured interests for payment.